Field, J.
delivered the opinion of the Court*
(After stating the case.) The only question which arises s^n the demurrer to the declaration, is this: Had the Justices of the Peace, before whom the recognizance was taken, power to let the said Greenlaw to bail, and to take the recognizance in the declaration mentioned ? The Court is of opinion, that the act of Assembly concerning bail in *714 criminal cases, (1 Rev. Code, p. 595-6,) does authorise a justjce 0f t]ie peace to let any prisoner to bail, who may be apprehended for any crime, of which only a light susp|cjon 0f gU¡it falls on the party, although such crime may jje punishable with death, or by confinement in the Penitentiary, such being the plain and obvious meaning of the statute. This general power is not taken away by the act concerning criminal proceedings against free persons, (1 Rev. Code, p. 598,) which directs that the Justice before whom a free person shall be charged with treason, murder, or other crime or misdemesnor, if in his opinion such of-fence ought to béf enquired into by the Courts of this Commonwealth, to commit the person so charged to the county or corporation jail. The Legislature did not intend thereby to diminish the rights of the prisoner, nor divest the Justices of the Peace of their power in relation to bail. It would be giving toó harsh a construction to this statute, to give it that interpretation, especially when there is nothing in it which cannot be reconciled with the provisions of the statute concerning bail. The very act of letting to bail, supposes a previous commitment to prison, and whether that imprisonment is by being in custody of an officer of the law, or within the walls of a jail, is wholly immaterial. The Court is therefore of opinion, that the Justices had authority to let the said Greenlaw to bail, and, consequently, the capacity to take the recognizance in the declaration mentioned.
The question arising on the issue made up on the plea of mil tiel record, is also adjourned. Upon inspecting the transcript of the recognizance shewn in evidence, a majority of the Court is of opinion, that there is such record as is set forth in the declaration, because, although the condition of the recognizance does not specify the court-house as the place at which the said Greenlaw is to appear, yet, as that is the place directed by the statute at which the Justices are directed to examine into offences, no other place can be intended by the recognizance. We are there *715 fore of opinion, that judgment should be rendered for the plaintiil, on that issue.
The following is to be entered as the judgment of the ' vOUl l-o
The Court is of opinion, and doth decide, that the law upon the demurrer of the defendant to the declaration of the plaintiff, is for the plaintiff, and there being shewn in evidence, such record as the plaintiff in pleading hath alleged, judgment should be rendered for the plaintiff on the issue joined, which is ordered to be certified.

 Absent5 Dade and Semple, J.